

**SO ORDERED.**

**SIGNED this 26 day of May, 2005.**

*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:**<br>**Gregory C. Downing and**<br>**Mary Stech-Downing,**<br><br>          **DEBTORS.** | **CASE NO. 03-15942**<br>**CHAPTER 7** |
| **North American Savings Bank,**<br>**a federal savings bank,**<br><br>          **PLAINTIFF,**<br><br>v.<br><br>**Gregory C. Downing and**<br>**Mary Stech-Downing,**<br><br>          **DEFENDANTS.** | **ADV. NO. 04-5161** |

**MEMORANDUM AND ORDER DENYING MOTION OF**
**PLAINTIFF NORTH AMERICAN SAVINGS BANK FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT**

The matter before the Court is the motion of Plaintiff North American Savings Bank for Leave

to File First Amended Complaint. Plaintiff, North American Savings Bank (North American), appears by Christian J. Kelly, Polsinelli, Shalton, Welte, Suelthaus, PC. The Defendant Debtors, Gregory C. Downing and Mary Stech-Downing (Debtors), appear by David G. Arst, Arst & Arst, PA. There are no other appearances.

The complaint in this case, filed on July 12, 2004, alleges that discharge should be denied pursuant to 11 U.S.C.A. § 727 and for turnover of property of the estate pursuant to 11 U.S.C.A. § 542.[1] The proposed first amended complaint, which was filed with the motion to amend, seeks to add two counts of objection to discharge pursuant to subsections 523(a)(4) and (a)(6). With respect to the objection to discharge under subsection (a)(4), First American argues for the first time that the Debtors were acting in a fiduciary capacity to First American and breached that duty. Under the count alleging nondischargeability pursuant to subsection (a)(6), First American alleges that the Debtors acted willfully and with malice to injure First American and others. The Court, having considered the Plaintiff's motion and the Debtors' objection, is now ready to rule. For the reasons stated below, the Court denies the motion.

Amendments of pleadings in adversary cases are governed by Bankruptcy Rule 7015, which incorporates Federal Rule of Civil Procedure 15. It provides that if the amendment is sought after a responsive pleading is served, the party "may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "[T]he more common reasons for denying leave to amend include undue prejudice to the adverse party, undue delay, lack of good faith and sufficient opportunity to state a claim encompassing several failed attempts

---

[1] In the text, all future references to the Bankruptcy Code, 11 U.S.C.A. § 101 et seq . are to the Code section only

to do so."[2]

First, the Court finds undue delay in moving to amend. The motion to amend was filed outside the time period allowed for amendment of pleadings by the pretrial order. This adversary proceeding was initiated by Complaint filed by the Plaintiff on July 12, 2004, to deny discharge pursuant to 11 U.S.C. § 727 and for turnover of property of the estate pursuant to 11 U.S.C. § 542. (Doc.1 ) An Agreed Pretrial Conference order was filed on February 15, 2004. (Doc. 35)  As to amendments to pleadings, it provides that the "[p]arties with the permission of the other party or order of the Court . . . shall be permitted to amend their pleadings at any time prior to sixty (60) days before the date of trial set in these matters." By Notice of Trial filed on March 28, 2005, trial on the Complaint was scheduled for June 14, 2005. (Doc. 42)  The filing of the motion to amend on April 25, 2005, was therefore untimely, as 60 days prior to the then scheduled trial date of June 16, 2005 was April 15, 2005. There was undue delay sufficient for the Court to deny the motion to amend.

Second, as urged by the Debtors, the motion to amend to add claims of nondischargeability pursuant to section 523(a) was filed past the bar date for dischargeability complaints under section 523(c).  Bankruptcy Rule 4007(c)[3] provides that the time for filing a complaint under section 523(c) shall be no later than 60 days after the first date set for the meeting of creditors, and that the Court upon motion filed before the time has expired, may extend the time fixed by the rule. Although in this case the

---

[2] 10 *Collier on Bankruptcy* ¶7015.5 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. Rev. 2005).

[3] The Rule has been interpreted as is instructing "the Court on the limits of discretion to grant motions for complaint-filing-time enlargements." *Kontrick v. Ryan*, 540 U.S. 443, 457 (2004). Likewise, this Court interprets the Rule to impose a limit upon the Court's granting of a motion to amend a complaint to add new counts raising for the first time nondischaragability of a debt under subsection 523(a)(4) and (a)(6).

date for objecting to discharge or dischargability of debts was extended several times,[4] the final order in this regard in the bankruptcy proceeding extended that deadline to 60 days after May 13, 2004.[5] The motion to amend the Complaint to add allegations of exceptions to discharge under section 523(a) was filed almost a year outside the bar date. The Court therefore finds that the motion to file the proposed amended complaint should denied because it attempts to assert claims which are time barred.

In addition, the Court finds prejudice to the Debtors if the motion were granted. Before the motion to amend the Complaint was filed, the Debtors had filed a motion for partial summary judgment, and North American had filed a motion for summary judgment. Discovery had been completed, and the matter set for trial on the allegations of the initial complaint. The proposed amended complaint seeks to include counts which include new grounds for relief which were not the subject of prior discovery. The Debtors state in opposition to the motion that extensive new discovery would be required to prepare for trial if the motion were granted.

For the foregoing reasons, the Court denies North American's motion for leave to file a an amended complaint.

###

---

[4] Case No. 03–15942, Docs. 32, 38, 41 and 54.

[5] Case No. 03-15842, Doc. 54.