

**SO ORDERED.**

**SIGNED this 13 day of June, 2005.**

                                                                    _____
                                                                                        Dale L. Somers
                                                                           **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:**<br>**GREGORY C. DOWNING and**<br>**MARY STECH-DOWNING,**<br><br>                    **DEBTORS.** | **CASE NO. 03-15942**<br>**CHAPTER 7** |
| **NORTH AMERICAN SAVINGS BANK,**<br>a federal savings bank<br>                    PLAINTIFF<br>v.<br><br>**GREGORY C. DOWNING AND**<br>**MARY STECH-DOWNING,**<br>                              **DEFENDANTS** | **ADVERSARY NO. 04-5161** |

1

# MEMORANDUM AND ORDER DENYING MOTION OF CREDITOR NORTH AMERICAN SAVINGS BANK FOR AUTHORITY TO PROSECUTE CLAIMS ON BEHALF OF ESTATE AND FOR GRANT OF ADMINISTRATIVE CLAIM

The matter before the Court is the motion of North American Savings Bank for Authority to Prosecute Claims on Behalf of Estate and for Grant of Administrative Claim (Motion). North American Savings Bank (North American), appears by Christian J. Kelly, Polsinelli, Shalton, Welte, Suelthaus, PC. The Debtors, Gregory C. Downing and Mary Stech-Downing (Debtors), appear by David G. Arst, Arst & Arst, PA. There are no other appearances.

North American's Motion seeks an order of the Court under the authority of 11 U.S.C.A. § 503(b)(3)(B)[1] to authorize it, as a creditor of the Debtors, to investigate and prosecute claims under sections 542 and 549 on behalf of the estate. North American alleges that the Debtors wrongfully converted nonexempt assets to exempt assets by paying down the debts secured by the Debtors' residence shortly before filing for relief, that the residence claimed as an exempt homestead does not qualify as exempt under K.S.A. 60–2301, and that the Debtors made voidable post-petition transfers of funds borrowed pursuant to a line of credit secured by their residence. The Trustee has declined to assert such claims. Accordingly, North American seeks authority from the Court to act for the benefit of the estate in bringing claims pursuant to sections 542 and 549.[2]

---

[1] Future references to the Bankruptcy Code in the text shall be to Code section only.

[2] North American's Motion is ambiguous whether it is seeking authority to pursue claims under sections 542 and 549 or under sections 542 through 550. Reading the Motion as a whole, the Court has determined that North American intends to limit it is request to sections 542 and 549. Further, the Court could not grant North American's Motion if it is intended to include authorization to pursue claims under these sections. The Court notes that section 543 applies only to a custodian, and First American does not allege that the property is being held by a custodian. For the reasons stated below

The Debtors oppose North American's motion. They argue that section 503(b)(3)(B) does not provide authority for the Court to appoint a creditor to act on behalf of the Trustee. Rather, they argue, that the Trustee is the only representative of the estate who has the capacity to sue and be sued. Further, Debtors argue that the bank's allegations are unsubstantiated and untrue. They attach an affidavit from D. Michael Case, the Chapter 7 Trustee in this case, stating that he has examined the pertinent documents, reviewed the facts, and concluded that there was no value in the Debtors' homestead which he could administer for the benefit of the estate.

The Court has examined the Motion, the Debtors' opposition, the case law cited by the parties, and undertaken its own research. As more fully explained below, the Court denies North American's Motion.

First, the Court notes that the claims for which North American seeks authority appear to be identical to Counts IV, V, and VI of North American's adversary Complaint to Deny Discharge Pursuant to 11 U.S.C. § 727 and Turnover of Property of the Estate Pursuant to 11 U.S.C.A. § 542.[3] These claims have been pending since July 12, 2004, discovery is complete, and a trial date has been set.

North American seeks an order under section 503(b)(3)(B) granting it authority to challenge the Debtors' homestead exemption using section 542. This is North American's response to the

---

when discussing the motion to proceed under section 549, sections 544, 545, 547, 548, and 550 cannot be used by North American. Each of these sections expressly authorizes only an action by the trustee.

[3] To the extent that North American seeks an order of the Court to allow a portion of its attorney's fees and costs as an administrative expense, North American's motion is premature, because North American has not prevailed on the merits of the claims or benefitted the estate.

3

somewhat unusual circumstance of this case. The Debtors' Schedules claimed a homestead exemption of seven acres, even though their residence is located in the city, where the Kansas homestead exemption is limited to one acre. Neither the Trustee nor any party in interest filed a timely objection, which resulted in the entire residential property of seven acres being held exempt.[4]

Nevertheless, in support of its assertion that the entire claimed homestead is not exempt, North American cites an 8th Circuit opinion[5] for the rule that "[w]here the value of an asset exceeds the amount of the claimed exemption, the asset as a whole does not become exempt." The case construes the federal exemption created by section 522(d)(5), which is limited in dollar amount. The Court finds that opinion unhelpful. In Kansas, a Debtor is entitled to a homestead of up to one acre in a city. The Debtors' claim of exemption for an excess amount would not have deprived it of the one acre homestead, if a timely objection had been filed.

North American's claim under section 542 is an indirect attack on Debtors' homestead exemption. Rule 4003(b)[6] allows a party in interest, such as a creditor and the trustee, to object to the list of property claimed as exempt. However, the objection must be filed within 30 days after the meeting of creditors is concluded or within 30 days after any amendment to the schedule of exemptions is filed, which ever is later. Although the time limit may be extended for cause, the motion for extension must be filed before the time to object expires. In this case, the Debtors' schedule of exempt real property was filed with their petition on November 27, 2003, and was

---

[4] *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

[5] *Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68 (8th Cir. BAP 2001).

[6] Fed. R. Bankr. P. 4003(b)(3). Future references to the Bankruptcy Rules shall be to rule number only.

4

not amended, except as to personal property by amendment of Schedule B on February 17, 2004. The time to object to exemptions expired long before North American's filing of its Adversary Complaint on July 12, 2004.

North American seeks relief under section 542, perhaps to avoid the time limits of Rule 4003(b). The Court denies this request to pursue a time barred claim in an indirect manner. A similar issue was before the South Carolina Bankruptcy Court in *Hovis v. Wiggins (In re Wiggins)*.[7] In *Wiggins*, the trustee filed an adversary complaint against the debtor and a bank pursuant to section 542 seeking turnover of funds in the debtor's IRA account. The IRA account had been listed as exempt in the bankruptcy schedules, and the trustee did not file a timely objection. Almost two years after the filing of the petition, the trustee filed a complaint for turnover, based upon the rationale that the account was not exempt. The court denied the complaint, finding that the failure to object to the exemption barred a subsequent contest to its validity pursuant to section 542. It relied upon the Supreme Court's decision in *Taylor v. Freeland & Kronz*,[8] which held that a chapter 7 trustee could not contest the validity of a claimed exemption after the 30-day period for objecting had expired and no extension had been obtained, even if the debtor had no colorable claim to the exemption.

The analysis of the *Wiggins* court is applicable here. No party in interest challenged the Debtors' homestead exemption in the 30-day time limit, or obtained an extension. The exemption is therefore valid as a matter of law, even though it was in excess of that permitted by Kansas law. Section 542 cannot be used to challenge the exemption after the expiration of the time limit.

---

[7] 220 B.R. 262 (Bankr. D.S.C. 1998).

[8] 503 U.S. 638 (1992).

Further, the last clause of subsection (a) of section 542 expressly excludes from turnover property which is of "inconsequential value or benefit to the estate." The Trustee's affidavit submitted by the Debtors states that the Trustee made an investigation and concluded that the there was no value in the Debtors' homestead which could be administered for the benefit of the estate. North American does not controvert the Trustee's statement. The circumstances of this case fully support the Trustee's analysis that if the exemption had been limited to the one acre on which the Debtors' home is located, this estate would not have benefitted from the value of the nonexempt six acres. The Debtors' Schedules value the residence at $1,400,000, and the entire seven acre tract was subject to two mortgages securing a debt of approximately $976,000 in principal as of the date of filing. There is evidence that the Debtors' home was situated on less than one acre, and the remaining six acres were in a flood plain and subject to easements, such that the property was not suitable for construction.

Assuming that the Debtors' homestead exemption had been limited to the one acre on which their home is located, pursuant to the doctrine of marshaling of assets as applied to the Debtors' exempt homestead property, the Debtors would have had the right to require their creditors holding claims secured by both the exempt and the nonexempt portions of the Residence to satisfy their claims first from the six acres of nonexempt property before looking to the value of the exempt one acre track.[9] "In Kansas, the creditor with both homestead and nonhomestead property as collateral, must seek satisfaction of the debtor out of the nonexempt property before proceeding against the homestead."[10]

---

[9] *Frick Co. v. Ketels*, 42 Kan. 527, 22 P. 580 (1889); *see also In re Estate of Dahn*, 204 Kan. 535, 543, 464 P.2d 238 (1970) (recognizing the continued validity of *Ketels*).

[10] *In re Leonard*, No. 96-10440-12, slip op. at 4 (Bankr. D. Kan. Aug. 20, 1996), *citing In re Bryant*, No. 86-12129, slip op. at 6 (Bankr. D. Kan. 1988).

6

This has been the rule in Kansas since 1889, when the Kansas Supreme Court stated:

> Where a mortgage upon the homestead and other real estate is being foreclosed, the mortgagor has the right, as against the mortgagee and all other creditors and lienholders whose rights were not prior or superior to those of the holder of the mortgage, to require that before the homestead shall be resorted to for the purposes satisfying the mortgage debt all the other mortgaged property shall first be exhausted. [11]

In this case, if six acres of the Residence property had been found non-exempt and the Trustee had attempted to sell the non-exempt portion, no value would be left for the estate. In the event of such a sale, the holders of the mortgages on the seven acres would have been required to first satisfy their claims from the nonexempt portion. The principal debt secured by the entire tract exceeded $976,000. This amount, together with the interest and other charges secured by the mortgages, clearly would have exceeded the reasonable value of the six acre portion of the property. The Debtors' secured creditors, not the estate, would have been the beneficiaries of any sale of the six acres of the Residence which exceeded the Kansas statutory homestead exemption. Because the six acres of property not qualifying for the Kansas exemption would have been of "inconsequential value or benefit to the estate," subsection (a) of section 542 expressly excludes turnover.

For the foregoing reasons, North American cannot proceed under section 542 to require the Debtors to turn over either the entire Residence or the portion exceeding the statutory Kansas homestead exemption. The Court therefore denies North American's Motion for an order under section 303 authorizing it to proceed with North American's claim under section 542 which in effect challenges the Debtors' homestead exemption.

---

[11] *Frick Co. v. Ketels*, 42 Kan. at 527.

7

North American's adversary complaint includes a second count under section 542, in which it alleges that the proceeds of the Debtors' post-petition loan secured by their Residence should be turned over to the Trustee. The Motion is ambiguous as to whether North American is seeking Court authority to proceed with this claim. Nevertheless, the Court denies that request, to the extent it is being made.

Generally, in a Chapter 7 case, property received by the debtors post-petition is not property of the estate. To avoid this result, North American argues that because the post-petition loan was secured by the Debtors' Residence and because, under North American's view, the Residence is not exempt property, the post-petition borrowing is proceeds of nonexempt estate property and therefore property of the estate pursuant to section 541(a)(6). North American further alleges that only the Trustee may use property of the estate, citing subsection 363(b)(1), and that only the Trustee may obtain credit secured by property of the estate, citing subsections 364(c) and (d). This entire theory rests upon the assumption that the Debtors' Residence is estate property because the acreage exceeded the Kansas exemption statute. As a matter of law, this is a erroneous. Because there was no timely objection to the homestead exemption, it is allowed, even though the acreage exceeded that allowed by Kansas law.[12] Since the exemption was allowed, the Debtors' Residence is not property of the estate.[13] The Court denies North American's motion for appointment to proceed under section 542 to recover post-petition borrowing.

North American also seeks authority to proceed pursuant to section 549 to recover the same

---

[12] *Taylor v. Freeland & Kronz,* 503 U.S. at 638.

[13] 11 U.S.C.A. § 522(b); *In re Fishman*, 241 B.R. 568, 574 (Bankr. N.D. Ill. 1999).

8

post-petition borrowing. The 10th Circuit Bankruptcy Appellate Panel in *In re Fox*[14] recently held that creditors may not bring actions under section 548 on behalf of the bankruptcy estate. The portion of section 548 material to the BAP's opinion is identical to section 549. In *Fox*, Plaintiff, United Phosphorus, was a creditor of Debtor Fox. Prior to his bankruptcy, the Debtor transferred valuable real estate to his wife. The Debtor, as debtor-in-possession, refused to sue his wife to avoid the transfer as fraudulent, and United Phosphorus brought a complaint against her. Mrs. Fox moved to dismiss the complaint because of the failure of United Phosphorus to obtain leave of court before bringing suit. Bankruptcy Judge Flannagan held that only the trustee could sue under section 548 to avoid the fraudulent transfer and dismissed the complaint. United Phosphorus appealed. The BAP affirmed, finding that the literal language of section 548 confers standing upon only the trustee. It also rejected the Third Circuit's 2003 opinion in *Cybergenics Corp.*,[15] relied upon by North American in this case, based upon the United States Supreme Court's 2004 holding in *Union Planter's Bank*[16] that the trustee is the exclusive party having the authority to seek payment from property encumbered by a secured creditor's lien pursuant to section 506(c). Section 548, at issue in *Fox*, like subsection 506(c), at issue in *Union Planters*, expressly provides that the trustee could pursue the statutory remedy. Section 548 begins, "[t]he trustee may avoid any transfer . . . ." Subsection 506(c) begins, "[t]he trustee may recover from property securing an allowed secured claim. . . ." The BAP found that the

---

[14] *United Phosphorous, Ltd. v. Fox (In re Fox)*, 305 B.R. 912 (10th Cir. BAP 2004).

[15] *Official Committee of Unsecured Creditors of Cybergenics Corp., on Behalf of Cybergenics Corp. v. Chinery*, 330 F.3d 548 ( 3d Cir. 2003) (en banc).

[16] *Hartford Underwriters Insurance Co. v. Union Planter's Bank, N.A.*, 530 U.S. 1 (2000).

9

literal language of section 548 and its understanding of the Supreme Court's decision controlling and required affirmance.

In this case, the Court adopts the reasoning of *Fox* and denies North American's motion for Court authorization to pursue a claim under section 549. This section, like subsection 506(c) and section 548, expressly grants authority to only the trustee to pursue the claim, by stating "the trustee may avoid a transfer of property . . . ." The Code does not permit the Court to grant North American authority to pursue a claim under section 549.

For the foregoing reasons, the Court denies the Motion of North American Savings Bank for Authority to Prosecute Claims on Behalf of Estate and for Grant of Administrative Claim.

BE IT SO ORDERED.

###